## ROBINSON v. DAVIS.

(Court of Appeals of the District of Columbia. Submitted November 9, 1926. Decided December 6, 1926.)

No. 1866.

Patents ⬤⟍91(1)—Applicant for patent, claiming priority over previous patent, has burden of proof.

In interference proceeding, applicant for patent, claiming priority over patent already issued, has heavy burden of proof.

Appeal from the Commissioner of Patents.

Interference proceeding between Clarence N. Robinson and Webster W. Davis. From a decision of Commissioner of Patents for the latter, the former appeals. Affirmed.

V. M. Dorsey and S. F. Parham, both of Washington, D. C., for appellant.

F. C. Curtis, of Troy, N. Y., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. This appeal is from the Commissioner of Patents in an interference proceeding, in which the issue is stated in a single count as follows:

"For hermetically sealing substances, the combination of a receptacle having on its exterior below the rim an upwardly facing

shoulder that inclines outward at less than right angles to the exterior wall of the rim, a rectangular elastic gasket located on said shoulder, and a cap having a downward and outward flaring skirt with the inner wall of the flaring portion of said skirt shaped to engage the upper and outer angle of said gasket and force the gasket diagonally to its seat on said shoulder when the cap is held down by exterior air pressure."

This count is claim 2 of a patent issued to Robinson on July 13, 1920. Davis copied the claim from the Robinson patent into his application, which was not filed until March 20, 1922, or about 20 months after the issue of the Robinson patent. The case turns wholly on issues of fact, and under the rule of evidence applied in such cases a heavy burden is placed upon Davis in proving priority.

The record is a rather interesting one, and we have examined it with care, supplemented by the able briefs of counsel. In the elaborate opinions of the various tribunals of the Patent Office, the case has been reviewed at length, and in each instance priority was awarded to Davis. While the case is a close one, in view of a question of originality involved, we are of opinion that the conclusion thus reached is correct.

Inasmuch as the testimony has been reviewed in detail by the tribunals below, and especially in the able opinion rendered by the Board of Examiners in Chief, in which we fully concur, further consideration here would amount merely to repetition.

The decision of the Commissioner is affirmed.